■ In the Matter of GEORGE A. FULLER, Petitioner, v. ALFRED M. STANLEY, as Director of Rockland State Hospital, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review respondent's determination dismissing petitioner from his employment as a safety officer at Rockland State Hospital. By order of the Supreme Court, Orange County, made February 8, 1960, pursuant to section 1296 of the Civil Practice Act, the proceeding has been transferred to this court for disposition. Petitioner was charged: (1) with having made the accusation against his superiors that they had covered up irregularities; and (2) with being disorderly, threatening, loud and uncooperative upon being interrogated regarding his accusation. Determination annulled on the law and the facts, without costs, and matter remitted to respondent for reconsideration and imposition of a lesser penalty. While the evidence is sufficient to support the finding of petitioner's guilt as charged, it is our opinion that the measure of punishment imposed constitutes an abuse of discretion (see Civ. Prac. Act, § 1296, subd. 5-a). The charges were not of sufficient gravity to justify petitioner's discharge from his employment. Ughetta, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ.

■ In the Matter of HARTSDALE STATION SHOPPING CENTER, INC., Appellant, v. JULIAN LIBERMAN et al., Constituting the Zoning Board of Appeals of the Town of Greenburgh, Respondents.— In a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Zoning Board of Appeals of the Town of Greenburgh, Westchester County, denying petitioner's application for a variance in the town's zoning ordinance, and to direct said board to grant the variance, the petitioner appeals from an order of the Supreme Court, Westchester County, dated February 5, 1960, which dismisses its petition. Petitioner seeks the variance for the purpose of erecting a six-story multifamily dwelling, 65 feet high, in a district permitting multi-family dwellings of not more than three stories with a maximum height of 35 feet. Order reversed on the law and the facts, without costs, and matter remitted to the respondent Zoning Board of Appeals for the making of a determination consistent herewith. In our opinion, the petitioner established practical difficulties and unnecessary hardship. Hence, the determination of the Zoning Board of Appeals denying the variance as to the height of the proposed building was arbitrary and capricious. (Cf. *Matter of Vergara* v. *Campbell,* 8 A D 2d 823, motion for leave to appeal denied 7 N Y 2d 706; *Matter of McManus* v. *Zoning Bd. of Appeals of City of New Rochelle,* 3 A D 2d 932.) Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. Christ, Pette and Brennan, JJ., concur; Ughetta, Acting P. J., dissents and votes to affirm the order upon the opinion of the Special Term. Kleinfeld, J., dissents and votes and affirm. (25 Misc 2d 684.)